IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
CAROLYN RAINEY-JONES,           *
                                *
     Plaintiff,                 *
                                *
          v.                    *     CV 119-186
                                *
CHARLIE NORWOOD VA MEDICAL      *
CENTER; SECRETARY OF THE        *
DEPARTMENT OF VETERAN AFFAIRS,  *
ROBERT WILKIE; and JOHN DOES,   *
                                *
     Defendants.                *
```

_____

**O R D E R**
_____

Before the Court are: (1) the Parties' Consent Partial Dismissal (Doc. 28); (2) Plaintiff's motion for leave to file her second amended complaint (Doc. 29); and (3) Defendants' partial motion to dismiss (Doc. 25). The Court addresses each in turn.

**I. CONSENT PARTIAL DISMISSAL**

The Court begins with the Parties' stipulation of partial dismissal. The Parties cite Federal Rule of Civil Procedure 41(a)(1)(A)(ii) as support for the stipulation. (Consent Partial Dismissal, Doc. 28, at 1.) If the stipulation of dismissal is proper, the stipulation is "self-executing" and becomes effective upon filing. Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012).

Here, the stipulation of partial dismissal is proper in part and improper in part. In a recent opinion, the Eleventh Circuit held that Federal Rule of Civil Procedure 41(a)(1) is an improper mechanism to dismiss less than all claims in a lawsuit. Perry v. Schumacher Grp. of La., 891 F.3d 954, 958 (11th Cir. 2018). In doing so, the Eleventh Circuit noted that the plain language of Rule 41(a)(1) contemplates dismissing an "action." Id. "There is no mention in the Rule of the option to stipulate dismissal of a portion of a plaintiff's lawsuit — e.g., a particular *claim* — while leaving a different part of the lawsuit pending before the trial court." Id. (emphasis in original). A stipulation of dismissal may be used, however, to dismiss an entire action against a particular defendant in a lawsuit. Jackson v. Equifax Info. Servs., LLC, No. CV 119-096, 2020 WL 476698, at *1-2 (S.D. Ga. Jan. 29, 2020).

To the extent the stipulation of partial dismissal sought dismissal of all claims against Defendants Charlie Norwood VA Medical Center and John Does, the dismissal was effective at the time of filing. Because the stipulation of partial dismissal also sought dismissal of some, but not all, claims against Defendant Secretary of the Department of Veteran Affairs, Robert Wilkie ("Wilkie"), the stipulation of partial dismissal was improper as to those claims. Accordingly, the stipulation of partial dismissal

terminated Defendants Charlie Norwood VA Medical Center and John Does, but the claims against Defendant Wilkie survived.

## II. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Possibly recognizing the stipulation of partial dismissal's failure to achieve all of her desired goals, Plaintiff filed her motion for leave to file her second amended complaint. (Doc. 29.) Because the motion falls outside the time period for Plaintiff to amend her complaint as a matter of course, see FED. R. CIV. P. 15(a)(1), Plaintiff may amend her complaint "only with the opposing party's written consent or the court's leave." Id. 15(a)(2). Plaintiff apparently contends that the consent motion for partial dismissal, signed by all parties, is written consent that the Defendants agree to the motion to amend. (See Consent Partial Dismissal, at 2; Mot. for Leave to File Second Am. Compl., Doc. 29, at 1.) Moreover, Perry specifically contemplated the use of Rule 15 to dismiss less than all claims when Rule 41(a)(1) is inapplicable. Perry, 891 F.3d at 958. The Court finds no reason to deny Plaintiff's motion for leave to file her second amended complaint under Rule 15(a)(2).[1]

---

[1] Plaintiff failed to acknowledge Rule 16's applicability to the present motion. In the Eleventh Circuit, when a "motion to amend [i]s filed after the scheduling order's deadline, [the moving party] must first demonstrate good cause under Rule 16(b) before [the court] will consider whether amendment is proper under Rule 15(a)." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). The Scheduling Order's deadline to amend expired May 22, 2020. (Scheduling Order, Doc. 17.) Despite Plaintiff's lack of attention to Rule 16(b), in light

3

## III. DEFENDANTS' PARTIAL MOTION TO DISMISS

Finally, the Court addresses Defendants' partial motion to dismiss. "It is well-established that an amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." Renal Treatment Ctrs.—Mid-Atl., Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. 608CV087, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (quoting In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005)) (citing Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982)); accord Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). Because Defendants' partial motion to dismiss applies to Plaintiff's first amended complaint, the superseding complaint moots Defendants' partial motion to dismiss.

## IV. CONCLUSION

For the aforementioned reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file her second amended complaint (Doc. 29) is **GRANTED** and Defendants' partial motion to dismiss (Doc. 25) is **DENIED AS MOOT**. Plaintiff shall **FILE** her second amended complaint as a stand-alone entry on the docket within **seven**

---

of Defendants' reported consent and Perry, the Court finds good cause to amend here.

4

…


**(7) days** of the date of this Order. The Clerk is **DIRECTED** to terminate Defendants Charlie Norwood VA Medical Center and John Does as parties to this action.[2]

**ORDER ENTERED** at Augusta, Georgia, this 8th day of September, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Docket currently reflects "Secretary of the Department of Veteran Affairs" and "Robert Wilkie" as separate defendants. Robert Wilkie is the Secretary of the Department of Veteran Affairs. Accordingly, the Clerk is **FURTHER DIRECTED** to **CONSOLIDATE** Secretary of the Department of Veteran Affairs and Robert Wilkie as one defendant.